MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Sarah Zenewicz, Bar No. 258068
Lance Schimke, Bar No. 348217
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
eric.meckley@morganlewis.com
sarah.zenewicz@morganlewis.com
lance.schimke@morganlewis.com

Attorneys for Defendant
VESTIS UNIFORMS AND WORKPLACE
SUPPLIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CISNEROS, an individual, on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **DEFENDANT VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| vs. | **[28 U.S.C. §§ 1331, 1441 AND 1446]** |
| VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a Delaware Limited Liability Company; and DOES 1 through 100, inclusive, | [Contra Costa Superior Court Case No. C24-03375] |
| Defendant. | |

1    TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2    CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1331, Defendant Vestis

4    Uniforms and Workplace Supplies, Inc. ("Vestis") hereby removes the above-captioned action

5    from the Superior Court of the State of California in and for the County of Contra Costa to the

6    United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332,

7    1441, and 1446. This Court has original subject matter jurisdiction under Plaintiff Manuel

8    Cisneros's lawsuit because complete diversity of citizenship exists and the amount in controversy

9    exceeds $75,000. Accordingly, removal is based on the following grounds:

10   **I.      PROCEDURAL BACKGROUND**

11   1.      On December 16, 2024, Plaintiff Manuel Cisneros ("Plaintiff") filed a Complaint in

12   the Superior Court of the State of California in and for the County of Contra Costa, entitled *Manuel*

13   *Cisneros v. Vestis Uniforms and Workplace Supplies, Inc., a Delaware Limited Liability; and Does*

14   *1 through 100* (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit**

15   **A**.

16   2.      On March 28, 2025, Vestis accepted service via Notice and Acknowledgment of

17   Receipt. Vestis's deadline to file a responsive pleading is April 28, 2025. A true and correct copy

18   of the Notice and Acknowledgment of Receipt is attached as **Exhibit B**.

19   3.      In the Complaint, on behalf of an undefined class of similarly situated employees,

20   Plaintiff alleges the following causes of action: (1) failure to compensate for all hours worked; (2)

21   failure to pay overtime wages; (3) failure to pay minimum wages; (4) failure to provide meal and

22   rest periods; (5) failure to reimburse business expenses; (6) failure to pay final wages; (7) failure to

23   pay wages timely; (8) failure to maintain accurate records; (9) failure to furnish wage statements;

24   (10) civil penalties under the Private Attorneys' General Act (PAGA). Plaintiff also alleges the

25   following causes of action on an individual basis: (11) unlawful retaliation in violation of public

26   policy; (12) wrongful termination in violation of public policy; (13) discrimination in violation of

27   the Fair Employment and Housing Act (FEHA); and (14) wrongful termination in violation of the

28   FEHA.

4.      **Exhibit C** constitutes the remainder of all the pleadings, process, and orders served upon or filed by Vestis in the Superior Court of the State of California for the County of Contra Costa.

## II.     TIMELY REMOVAL

5.      Where removability appears on the face of the state court complaint, the Notice of Removal is timely if filed "within 30 days after the receipt by the defendant, through service or otherwise". 28 U.S.C. § 1446(b)(1).

6.      The thirty-day time limit for removal begins to run upon defendant's acknowledgment of receipt of process, when service is perfected under state law. *Alling v. C.D. Cairns Irrevocable Trusts P'ship,* 889 F. Supp. 768, 770 (D. Vt. 1995) ("this Court looks to perfection of service under state law to determine the commencement of the time limit for removal.").  Under California Code of Civil Procedure section 415.30, service is effective "upon the execution and return of an acknowledgment of service."  *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 199 (1973).  Defendant executed and returned the acknowledgment of service on March 28, 2025.  Because this Notice of Removal is filed before April 28, 2025, it is timely.[1]

7.      No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.    DIVERSITY JURISDICTION EXISTS

### A.     Removal Under U.S.C. § 1332(A)(1) Is Proper.

8.      This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed by Vestis pursuant to 28 U.S.C. § 1441.  Removal to this Court is proper under the provisions of 28 U.S.C. § 1441(a) and (b) because

---

[1]      While Vestis contends in this Notice of Removal that this removal is timely based on diversity jurisdiction, the clock had not yet begun for a removal under the Class Action Fairness Act ("CAFA").  Because Plaintiff failed to define his putative class, the Complaint is indeterminate on its face.  When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. §1446(b) thirty-day window does not begin to run.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-95 (9th Cir. 2005).

1    this is a civil action that involves citizens of different states and the amount in controversy exceeds

2    $75,000 exclusive of interest and costs.[2]

3    **B.    Complete Diversity of Citizenship Exists Between the Parties.**

4    9.    A case may be heard in federal court under diversity jurisdiction if there is complete

5    diversity of citizenship between the parties, i.e., all plaintiffs are diverse from all defendants.  28

6    U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332

7    provided no defendant is a citizen of the same state in which the action was brought or of the same

8    state in which the plaintiff is a citizen.  28 U.S.C. § 1441(a)–(b).

9    **1.    Plaintiff Is a Citizen of California**

10    10.    "An individual is a citizen of the state in which he is domiciled. . . ."  *Boon v. Allstate*

11    *Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert* Co., 265

12    F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by

13    the individual's domicile at the time the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*,

14    243 F. 3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

15    11.    Evidence of continuing residence creates a presumption of domicile.  *Washington v.*

16    *Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d

17    514, 519 (10th Cir. 1994).

18    12.    Throughout his employment with Vestis, Plaintiff represented that his residence was

19    in California.  Declaration of Mikaela Davis ¶ 4 (Davis Decl.).  Vestis is informed and believes that

20    Plaintiff is now, and since this action commenced on December 16, 2024, has been a citizen of

21    California.  In the Complaint, Plaintiff alleges that: "Plaintiff Cisneros was and is a competent adult

22    and resident of the State of California, Solano County."  Complaint ¶ 1.

23    13.    Plaintiff does not allege any alternative states of citizenship and does not state any

24    facts that would support Plaintiff being a citizen of Delaware or Georgia.  Accordingly, based on

25    Plaintiff's continuing residence in California, Plaintiff was and is domiciled in the State of

26    California and therefore is a citizen of California for purposes of removal.

27    _____

28    [2]    Vestis addresses the amount in controversy purely for removal purposes, and does not admit
       that it is liable for any damages whatsoever.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

1

2

**2.    Vestis Is Not a Citizen of California; Vestis is a Citizen of Delaware and Georgia.**

3      14.    For diversity purposes, a corporation is deemed to be a citizen of any state in which

4  it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. §

5  1332(c)(1).  The "principal place of business" for the purposes of determining diversity subject

6  matter refers to "the place where a corporation's officers direct, control, and coordinate the

7  corporation's activities . . . [I]n practice it should normally be the place where the corporation

8  maintains its headquarters-provided that the headquarters is the actual center of direction, control,

9  and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its

10  boards meetings . . ." *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

11      15.    Vestis is a corporation organized under the laws of the State of Delaware.

12  Declaration of Adam Bowen, ¶ 3 (Bowen Decl.).  Vestis' principal place of business—i.e., its nerve

13  center and headquarters—is in Roswell, Georgia.  *Id.* at ¶ 4.  The majority of Vestis' executive and

14  administrative functions are performed, and the majority of Vestis' executive and administrative

15  officers are located, in the state of Delaware.  *Id.* at ¶ 5.

16      16.    As a result, Vestis is a citizen of the States of Delaware and Georgia.[3]  *See* 28 U.S.C.

17  § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92-93.

18      **3.    Doe Defendants Are Irrelevant for Purposes of Removal.**

19      17.    The Complaint also names as defendants "DOES 1 through 100."  The citizenship

20  of fictitious "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(a);

21  *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Thus, the inclusion of

22  "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove.

23

24

---

25  [3]    Vestis Services, LLC the entity that employed Plaintiff, is also a citizen of Delaware and

26  Georgia.  For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Col. Props. Anchorage, LP*, 437 F.3d 894, 899

27  (9th Cir. 2006).  The sole member of Vestis Services, LLC is Vestis Uniforms and Workplace Supplies, Inc.  Bowen Dec. ¶ 3.  Because Vestis Uniforms and Workplace

28  Supplies, Inc. is a citizen of Delaware and Georgia, Vestis Services, LLC is a citizen of Delaware and Georgia.

**C.     The Amount in Controversy Exceeds $75,000.**

18.     While Vestis denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs.   The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.*, quoting H.R. Rep. No. 112–10, p. 16 (2011).

19.     In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims.  *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy).

20.     Plaintiff's settlement demand offer, along Plaintiff's estimate of his damages, demonstrates that he places far more than $75,000 in controversy in this case.

**1.     Plaintiff's Settlement Demand Is Over $75,000.**

21.     On December 31, 2024, Plaintiff's counsel sent a letter that included a settlement demand for $425,000.  This demand establishes that the amount in controversy exceeds the $75,000 amount in controversy threshold for diversity jurisdiction.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (finding $100,000 settlement demand letter established the amount in controversy); *Ives v. Allstate Ins. Co.*, 504 F. Supp. 3d 1095, 1098 (C.D. Cal. 2020) ($249,999 settlement demand sufficient for defendant to show by a preponderance of the evidence that the amount in controversy requirement was met).  Plaintiff's counsel based the settlement demand on a "conservative" estimate of Plaintiff's wage and hour damages, which Plaintiff calculated as follows:

| Claim | Plaintiff's Assumptions | Plaintiff's Calculation of Amount in Controversy |
|---|---|---|
| Wrongful Termination | Three years lost wages at most recent base salary of $49.97/hour | $311,812.80 |
| Emotional Distress | $100,000.00 | $100,000.00 |
| Unreimbursed expenses: <br><br> Laundry (he had to launder the uniforms himself) | $50/week x three years | $7,800.00 |
| Mileage | $100/week x three years | $14,400.00 |
| Meal break | 5 missed per week for four years | $49,977.00 |
| Rest break | 5 missed per week for four years (at 250 days per year) | $49,977.00 |
| Overtime | Five unpaid hours per week for four years (at 250 days per year) | $83,158.4 |
| Wage statement penalties | Maximum $4,000.00 | $4,000.00 |
| Final pay penalties | $450.00 x 30 days | $13,500.00 |
| Attorneys' Fees | $25,000.00 | $25,000.00 |
| Total Pre-Interest | Total of Above | 645,225.20 |
| Interest | 10 percent | $64,522.52 |
| **TOTAL** | | **$724,147.72** |

Without even considering the Complaint allegations, Plaintiff's calculation in the demand letter establishes that the amount in controversy exceeds the $75,000 amount in controversy threshold for diversity jurisdiction. However, when the Complaint is also considered, the amount in controversy is clearly met.

**2.    Plaintiff's Claims for Lost Wages, Emotional Distress and Punitive Damages Based on Discrimination, Wrongful Termination in Violation of Public Policy, Wrongful Termination in Violation of the Fair Employment and Housing Act, and Retaliation Put More than $75,000 in Controversy.**

22.    The Complaint alleges that Plaintiff began "working for Defendants as a Utility Driver on April 27, 2015" and "on December 4, 2023," Defendant terminated Plaintiff "based upon discriminatory animus and not good cause." Compl. ¶¶ 3, 13.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

23.     "Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).  A plaintiff's potential recovery for lost wages is included in the amount in controversy.  *Id.* ; *see also Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation); *Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation).

24.     Plaintiff's average gross weekly pay in 2023 was $2,176.52.  Davis Decl. 4.  Plaintiff alleges in his Complaint that he was terminated on December 4, 2023.  Compl., ¶ 13.  Accordingly, approximately 64 weeks have passed since the last date Plaintiff alleges that he was employed by Vestis.  Assuming Plaintiff has not worked at all, the amount of recoverable economic back pay in controversy would total at least **$139,297.28**.  *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (denying motion to remand in a wrongful termination case after calculating lost wages from the date of termination through the date of removal based on annual earnings).

25.     Plaintiff further alleges that he has suffered and will continue to suffer "emotional distress."  Compl., ¶¶ 144, 152, 159, and 165.  While undefined, this allegation places an additional amount in controversy as California law allows plaintiffs to seek uncapped emotional distress damages for certain of the claims Plaintiff has asserted, and therefore at least another **$50,000** is placed in controversy by Plaintiff's emotional distress allegations.  *See, e.g., Wondeh v. Change Healthcare Prac. Mgmt. Sols.*, *Inc.*, 2020 WL 5630268, at *2 (N.D. Cal. Sept. 21, 2020) (denying motion to remand and recognizing "similar employment cases in which the jury awarded between $54,000 and $116,333 in emotional distress damages").

26.     Plaintiff further alleges that he is entitled to punitive damages.  *See, e.g.*, Compl. Prayer for Relief ¶ 8.  "It is well established that punitive damages are part of the amount in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded. *See* Civil Code § 3294; *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). As a result, punitive damages awards can and regularly do exceed $75,000. *See, e.g Ko v. The Square Grp. L.L.C.*, JVR No. 1503030036, 2014 WL 8108413 (Los Angeles County Superior Court Case No. BC487739, June 16, 2014) (jury awarded the plaintiff $125,000 for emotional distress and $500,000 in punitive damages in FEHA employment case); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award of $225,000 for emotional distress damages and $800,000 in punitive damages in a single-plaintiff case alleging age discrimination under FEHA). Accordingly, a conservative estimate of **$100,000** in controversy for punitive damages is reasonable.

### 3. Summary of the Amount Placed in Controversy.

27.    As described above, a reasonable estimate of the amount placed in controversy through Plaintiff's own calculations for his wage and hour claims exceeds $75,000. Plaintiff's settlement demand alone, meets the amount in controversy. However, Plaintiff's discrimination and wrongful termination claims, emotional distress damages, and attorneys' fees place at least **$294,409.60** in controversy on their own.

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

28.    As set forth above, this Notice of Removal is filed within thirty (30) days of service of the Notice of Dismissal on Vestis, after which there was complete diversity between Plaintiff and Vestis.

29.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because this district embraces the county in which the removed action has been pending.

30.    Vestis will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

31.     If any question arises as to the propriety of the removal of this action, Vestis requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Vestis prays that the above-captioned action pending in the Superior Court of the State of California in and for the County of Contra Costa be removed to the United States District Court for the Northern District of California, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

Dated:  April 28, 2025                              MORGAN, LEWIS & BOCKIUS LLP

                                                    By    /s/ Eric Meckley
                                                        Eric Meckley
                                                        Sarah Zenewicz
                                                        Lance Schimke

                                                        Attorneys for Defendant
                                                        VESTIS UNIFORMS AND
                                                        WORKPLACE SUPPLIES, INC..

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT A

Electronically Filed Superior Court of CA County of Contra Costa 12/16/2024 2:06 PM By: C. Jacala, Deputy

Lori J. Costanzo, SBN 142633
Frank Zeccola, SBN 308875
Luiza V. Dias, SBN 320629
**COSTANZO LAW FIRM**
111 West St. John, #700
San Jose, CA 95113
Phone:   408.993.8493
Fax:   408.993.8496
Email:  Lori@costanzo-law.com
          Frank.zeccola@costanzo-law.com
          Luiza.dias@costanzo-law.com

Per local Rule, This case is assigned to
Judge Treat, Charles S, for all purposes.

SUMMONS ISSUED

*Attorneys for Manuel Cisneros*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF CONTRA COSTA**

| | |
|---|---|
| MANUEL CISNEROS, an individual, on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.  C24-03375<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);<br>2. **FAILURE TO PAY OVERTIME WAGES** (Lab. Code §§ 200-204, 210, 216, 223, 225.5, 500, 510, 558, 1194, 1198; IWC Wage Orders);<br>3. **FAILURE TO PAY MINIMUM WAGES** (Lab. Code §§ 223, 1194 *et seq.*);<br>4. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);<br>5. **FAILURE TO REIMBURSE BUSINESS EXPENSES** (Lab. Code § 2802);<br>6. **FAILURE TO PAY FINAL WAGES** (Lab. Code §§ 1194, 1194.2, 1197; IWC Wage Orders););<br>7. **FAILURE TO PAY WAGES TIMELY** (Lab. Code §§ 201 *et seq.*);<br>8. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);<br>9. **FAILURE TO FURNISH WAGE STATEMENTS** (Lab. Code §§ 226(e), 226.3);<br>10. **CIVIL PENALTIES UNDER PAGA** (Lab. Code §§ 2698 *et seq.*);<br>11. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, |

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);
12. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** (*Tameny v. Atlantic Richfield Company*);
13. **DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** (Govt. Code § 12940(h))
14. **WRONGFUL TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** (Govt. Code § 12940(h))

**JURY TRIAL DEMANDED**

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

This Complaint is brought by Plaintiff Cisneros ("Plaintiff" and/or "Mr. Cisneros"), on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated employees within the State of California, (collectively "Plaintiffs"), complain and allege of Defendant Vestis Uniforms and Workplace Supplies, Inc. ("Vestis"), and DOES 1-100, inclusive (collectively "Defendants"). Plaintiffs hereby demand a jury trial on all causes of action. Plaintiffs allege the following:

## JURISDICTION AND VENUE

1.      This Court is the proper Court, and this action is properly filed in the County of Contra Costa, because Defendants transact business within this county at 5000 Forni Drive, Concord, CA, 94520. Plaintiff and Class Members performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the County of Contra Costa.

2.      This Court has jurisdiction over the Plaintiff's and Class Members' claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs pursuant to, *inter alia.*, California Business and Professions Code sections 17200-17208.

/ / /

/ / /

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

**PLAINTIFF**

3.    At all times material herein, Plaintiff Cisneros was and is a competent adult and resident of the State of California, Solano County. Plaintiff began working for Defendants as a Utility Driver on April 27, 2015. While working for Defendants, Plaintiff's job duties included but were not limited to: acting as a Union Shop Steward; serving as a Route Sales Representative; delivering products to customers; and training new employees.

**DEFENDANTS**

4.    At all times material herein, Defendant Vestis was and is a Delaware limited liability company registered to do business in the State of California, including but not limited to conducting business within the County of Contra Costa, with its corporate headquarters located in Roswell, Georgia. Defendant Vestis is in the hospitality services industry. On information and belief, Defendant Vestis provides partners with services pertaining to food, facilities management, uniforms, refreshments, hospitality management, and supply chain. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant Vestis is authorized to and does conduct business in the State of California in the hospitality services industry, including but not necessarily limited to the County of Contra Costa.

5.    Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendant conducted business within the hospitality services industry. In so doing, there are hundreds of individuals in recent years alone who qualify to participate as a Class Member in this action.

6.    The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff and Class Members which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members

1  for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether

2  individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE

3  Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff

4  is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff

5  will amend this complaint to show such DOE Defendants' true names and capacities when they are

6  known.

7    7.    Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated,

8  each Defendant was the agent and/or employee of every other Defendant within the course and scope

9  of said agency and/or employment, with the knowledge and/or consent of said Defendant.

10    8.    To the extent any allegation contradicts another allegation, they are to be construed

11  as "alternative" theories.

12                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13    9.    Defendants regularly and systematically do business in the State of California and are

14  subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly

15  employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to investigate

16  discrimination and retaliation against Defendants with the California Department of Fair

17  Employment and Housing ("DFEH"). On December 10, 2024, Plaintiff received a notice of the right

18  to sue from the DFEH pursuant to California Government Code section 12965(b). Plaintiff filed this

19  action within one year of the date of his/her/their DFEH right-to-sue letter(s); therefore,

20  administrative remedies have been properly exhausted.

21    10.    Pursuant to California Labor Code section 2699.5, Plaintiff has exhausted all

22  administrative remedies and satisfied all private, administrative and judicial prerequisites to the

23  institution of this action, insofar as such prerequisites pertain to Plaintiff's cause of action brought

24  pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code sections 2699 *et*

25  *seq.* Plaintiff has complied with the procedures for bringing suit specified in California Labor Code

26  section 2699.3. Plaintiff has given written notice, by certified mail, to the Labor and Workforce

27  Development Agency ("LWDA") and to Defendants of the specific provisions of the California

28  Labor Code alleged to have been violated, including the facts and theories to support those violations.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

1    More than 65 days have passed, and no response has been received from the LWDA. Accordingly,

2    Plaintiff has satisfied all prerequisites to pursuing PAGA claims.

3        11.    Plaintiff has satisfied all private, administrative and judicial prerequisites to the

4    institution of this action.

5        12.    The California Workers' Compensation Act does not preempt this action because

6    Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment.

7    Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the

8    institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action

9    in this complaint.

10                    **GENERAL FACTUAL ALLEGATIONS**

11        13.    PLAINTIFF began working with DEFENDANT on or around April 27, 2015 and

12    continued until, on, or about December 4, 2023, the day DEFENDANTS terminated PLAINTIFF's

13    employment based upon discriminatory animus and not good cause

14        14.    At all times relevant hereto, and during his entire period of employment with

15    DEFENDANT, PLAINTIFF fulfilled the duties of a full-time non-exempt employee, within the

16    meaning of the Industrial Welfare Commission ("IWC") Order, to perform routine duties for

17    DEFENDANT, subject to the laws of the State of California, for the payment of wages as set forth

18    in the California Labor Code, and was covered under one or more statuses, regulations and Wage

19    Orders of the IWC, and Division of Labor Standards Enforcement ("DLSE").

20        15.    The applicable Wage Order defines "employer" as any person "who directly or

21    indirectly, or through an agent, for any other person, employs or exercises control over the wages,

22    hours, or working conditions of any person."

23        16.    At all times relevant to this Complaint, DEFENDANT was an employer of

24    PLAINTIFF in that DEFENDANT employed PLAINTIFF to provide services for wages and

25    exercised control over the wages, hours, and working conditions of PLAINTIFF, as defined,

26    and regulated by the Labor Code, the IWC Wage Order, California common law, and within

27    the meaning of FEHA.

COSTANZO LAW FIRM
111 W. St. John, Ste. 700
San Jose, CA 95113

17.    Throughout the relevant time, DEFENDANT required PLAINTIFF to follow the date/time schedules devised by his supervisors and perform work at the locations designated by his supervisors/managers. At all times, PLAINTIFF made best efforts to adhere to the strict standards, policies, and practices established by DEFENDANT. At all times, PLAINTIFF lacked authority of discretion to exercise independent judgment beyond the strict standards, policies, practices, schedules, assignments, and duties set forth by DEFENDANT. At all times DEFENDANT, by its supervisors and managers, carried out strict oversight with respect to the minute details of PLAINTIFF's daily duties and PLAINTIFF's adherence to DEFENDANT's strict standards, policies, and practices.

18.    DEFENDANT's uniform practices and/or treatment of PLAINTIFF required that PLAINTIFF frequently work regular and overtime hours without compensation for such hours. Throughout the time period relevant to this Complaint, DEFENDANT maintained and implemented a uniform pattern of unlawful wage policy and practice that denied accurate compensation to PLAINTIFF for all hours worked, including overtime hours, through the intentional enforcement of the following policies: (a) requiring PLAINTIFF to perform work beyond eight (8) hours per day and/or forty (40) hours per week without legally-required compensation for all of that time, let alone at any overtime rate; (b) requiring PLAINTIFF to perform work "off-the-clock" prior to and subsequent to his scheduled shift including, among other things, time he spent travelling/commuting to the various jobsites and donning and doffing his uniform, and (c) requiring PLAINTIFF to perform essential job functions while he was counted as "off-the-clock" for his meal/rest breaks, etc. – such that these "off-the-clock" hours resulted in further unpaid time worked, including time which should have been paid at an overtime rate. In addition, DEFENDANT routinely deprived PLAINTIFF of his rightful wages, including overtime pay, by improperly altering his timecards to shortchange PLAINTIFF by rounding-off and shaving PLAINTIFF's time during each pay period - DEFENDANT would routinely fail to report all the hours PLAINTIFF actually worked to its payroll system/provider and would improperly round off/reduce PLAINTIFF's hours and/or instruct him to report his hours to reflect a lower number of hours. DEFENDANT would then pay PLAINTIFF for the lower number of reported hours when it was known PLAINTIFF had worked

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

1    more than those reported hours. PLAINTIFF did not receive compensation for these discrepancies.

2    Further, DEFENDANT failed to provide and compensate PLAINTIFF for all required paid sick

3    leave for the time he took off work and to which he is entitled to under California law. On

4    information and belief, PLAINTIFF alleges that DEFENDANT has the ability to monitor and did

5    monitor the hours worked by PLAINTIFF. DEFENDANT's, therefore, knew or should have known

6    that PLAINTIFF routinely worked substantial time without compensation, let alone at an overtime

7    rate.

8
9    19.    Throughout the time relevant to this Complaint, DEFENDANT failed to pay

10   PLAINTIFF for all hours worked and paid PLAINTIFF a lower wage than contractually promised

11   and legally required. At all times relevant to this Complaint, DEFENDANT directly and/or

12   indirectly paid PLAINTIFF less than minimum wage for all times suffered or permitted to work for

13   DEFENDANT, particularly when evaluating PLAINTIFF's hourly wage against his actual work

14   hours, including time worked "off-the-clock." DEFENDANT failed to satisfy minimum wage

15   requirements by secretly paying PLAINTIFF a lower wage while purporting to pay the wage

16   designated by agreement/contract between the parties. This occurred, *inter alia*, when

17   DEFENDANTS: (a) routinely deprived PLAINTIFF of his rightful wages, including overtime pay

18   or failed to pay PLAINTIFF for all hours worked (i.e. "off-the-clock" work that was incidental to

19   PLAINITFF's daily duties and responsibilities); (b) failed to report all hours PLAINTIFF actually

20   worked by improperly altering his timecards to reflect lower number of hours he actually worked;

21   (c) improperly reduced, rounded off, and/or shaved PLAINTIFF's time and further instructing him

22   to do so when reporting his hours on his time sheet; (d) failed to provide code-compliant meal and

23   rest breaks; and (e) neglected to pay PLAINTIFF the applicable wage rate, including the overtime

24   rate, as designated by statute or by contract.

25   20.    At all times relevant to this Complaint, PLAINITFF regularly worked sufficient hours

26   to require that she be provided with off-duty meal breaks. However, DEFENDANT lacked and/or

27   failed to consistently implement a policy requiring that PLAINTIFF be relieved of all duties for an

28   uninterrupted off-duty meal period during the first five (5) hours of PLAINTIFF's shift, and

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

PLAINTIFF frequently lacked an opportunity for a full 30-minute, uninterrupted, off-duty meal period during the first five (5) hours of PLAINTIFF's shift with DEFENDANT. DEFENDANT by and through its policies and/or practices, sometimes impeded PLAINTIFF's ability to take full and timely 30-minute, uninterrupted, off-duty meal periods and required PLAINTIFF to perform necessary job functions instead of allowing him the chance to take such meal periods. DEFENDANT did not pay PLAINTIFF any premium wages for lack of a rest break opportunity.

21.     At all times relevant to the Complaint, PLAINTIFF regularly worked sufficient hours to require the PLAINTIFF be provided with off-duty rest breaks. However, DEFENDANT lacked and/or failed to consistently implement a policy requiring that PLAINTIFF be relieved of all duty for an uninterrupted 10-minute off-duty rest period during the first four (4) hours of work, and PLAINTIFF consistently lacked an opportunity for a 10-minute, uninterrupted, off-duty rest period during the first four (4) hours of PLAINTIFF's shift, let alone multiple off-duty rest periods on days exceeding six (6) hours. DEFENDANT, by and through its policies and/or practices, impeded PLAINTIFF's ability to take a timely 10-minute, uninterrupted, off-duty rest period and required PLAINTIFF to perform necessary job functions instead of allowing him the chance to take such rest periods. DEFENDANT did not pay PLAINTIFF any premium wages for lack of a rest break opportunity.

22.     At all times relevant to the Complaint, DEFENDANT required PLAINTIFF to bear necessary job expenses and failed to indemnify or reimburse PLAINTIFF for such expenses. This includes but is not limited to expenses associated with PLAINTIFF's use of his personal washing machine and dryer to clean client linens.

23.     At all times relevant to the Complaint, flowing from its failures with respect to compensation and indemnification of PLAINTIFF, as herein alleged, DEFENDANT regularly failed to timely issue complete and accurate wage statements to PLAINTIFF. Likewise, DEFEDANT failed to timely remit final payments in full to PLAINTIFF, who no longer works for DEFENDANT.

24.     At all times relevant to the Complaint, PLAINTIFF exercised his right to use his requested time off. DEFENDANT discriminated against him, and treated him with hostility for using

1   his paid leave in violation of California law.

2       25.    On or around April 20, 2022, while performing his work duties, PLAINTIFF was rear-

3   ended. Injuries sustained from the accident kept him out of work and on disability for five (5) months.

4   PLAINTIFF immediately informed the DEFENDANT, through his supervisors/managers about the

5   above injury and sought medical treatment. DEFENDANT knew of PLAINTIFF's injury and his

6   rightful use of disability leave, and DEFENDANT dismantled PLAINTIFF's route and demoted him

7   in retaliation.

8       26.    PLAINTIFF was regularly harassed based on his age and the fact that he had taken

9   disability leave. He attempted to report these conditions, lodging multiple complaints with his union.

10      27.    On or around July 13, 2023, PLAINTIFF was involved in an assault that took place

11  while performing his work duties. A man, seething with road rage, jumped into PLAINTIFF's truck

12  and attacked both PLAINTIFF and a trainee that was with him. PLAINTIFF tried to photograph the

13  perpetrator, but he struck PLAINTIFF, causing his phone to slide. He retrieved his phone and called

14  the police while driving to the nearest police station for assistance.

15      28.    PLAINTIFF went on leave again due to hand and wrist injuries sustained in the attack.

16  Additionally, he filed a worker's comp claim. While on leave, a call from PLAINTIFF's disability

17  attorney informed him that DEFENDANT offered him money to resign. This was not an option for

18  PLAINTIFF, as he has a family to support. He also excelled at his job, having rebuilt the successful

19  route that was previously taken from him by DEFEDANT in retaliation of him taking disability leave.

20      29.    PLAINTIFF alleges, on information and belief, that DEFENDANT's acts and

21  omissions, as described in this Complaint, violate the Civil Code, Labor Code, Equal Pay Act, and

22  the applicable Wage Order. PLAINTIFF alleges on information and belief that DEFENDANT knew

23  or should have known of the unlawful nature of their acts and omissions, as described in this

24  Complaint, and that such conduct reflects a deliberate scheme to lower payroll costs and gain an

25  unfair workforce advantage, contrary to public policy. PLAINTIFF further alleges on information

26  and belief that such acts and omissions constitute unlawful business practices and amount to policies

27  in violation of FEHA given that they occurred in a continuing and systematic manner over a

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

substantial period to the detriment of PLAINTIFF and other employees. Examples of such unlawful acts and omissions that occurred within for (4) years prior to the filing of this Complaint include, without limitation, DEFENDANT's failure to: (a) pay proper wages, including that of overtime wages, "all hours worked," "off-the-clock" hours, time spent donning and doffing his uniform and payment of wages at a rate designated by statute or by contract; (b) provide equal pay for equal work and adequate pay for sick leave; (c) indemnify and reimburse expenses incurred in discharging duties; (d) provide all required code-compliant meal and rest breaks, or missed meal/rest break premiums in lieu of such breaks; (e) pay timely wages throughout employment and upon termination of employment; (f) maintain accurate records and provide and maintain accurate itemized wage statements; (g) refrain from harassing and discriminating against employees on the basis of protected class; (h) prevent harassment, discrimination and retaliation against persons who engage in protected activities; and (i) refrain from terminating an employee when said employee's protected status and/or engagement in protected activities would be substantial factor in the decision to terminate.

30.     PLAINTIFF is informed and believes that, as a result of PLAINTIFF's protected classes, DEFENDANT, directly or by and through one or more of its agents acting within the scope of their employment and authority given by DEFENDANT continuously and repeatedly discriminated against and continuously and repeatedly harassed PLAINTIFF and/or caused harassment to continue against PLAINTIFF, thereby creating a hostile work environment. PLAINTIFF is further informed and believes that, as a result of PLAINTIFF's engagement in protected activities, DEFENDANT, directly or by and through one or more of their agents acting within the scope of their employment and authority given to them by DEFENDANT, retaliated against PLAINTIFF. Such harassment, hostile work environment, differential treatment and retaliatory acts against PLAINTIFF committed by DEFENDANT by and through one or more of their agents included by were not limited to:

> A. Refusing to compensate PLAINTIFF as legally required and deliberately underpaying PLAINTIFF's wages, including overtime and all hours worked, such using his personal washer and dryer to wash client linens, among other things and

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

further denying PLAINTIFF the payment of her full wages at the rate agreed upon;

B.  Denying PLAINTIFF the opportunities for legally-compliant meal and rest breaks and retaliated against PLAINTIFF for invoking his rights to be provided with code compliant uninterrupted timely breaks.

C.  Treating PLAINTIFF with hostility and singling him out causing him to be fearful of losing his job and retaliating against PLAINTIFF by denying him earnings income and further depriving PLAINTIFF of the benefits or perks afforded to other employees, particularly in the wake of his complaints, while treating counterparts who were younger and did not report an injury.

D.  Treating PLAINTIFF with a uniquely hostile tone, unduly aggressive and demeaning verbiage, and an unfriendly disposition, during the relevant time period, and intensifying in frequency, conveying hostile messages to PLAINTIFF and contributing to the hostile work environment at the workplace for complaining about being unfairly and unlawfully mistreated on the basis of his age and his and for engaging in protected activities. PLAINTIFF was denied equal pay, denied adequate rases, denied job assignments and his regularly scheduled shifts resulting in a decrease in his earnings.

E.  Ultimately terminating PLAINTIFF without good cause, despite her successful performance of duties.

31.    As a result of the conduct and violations described herein, the workplace was intolerable for PLAINTIFF; the harassment, discrimination and retaliation communicated an offensive message to PLAINTIFF. PLAINTIFF alleges, on information and belief, that he was targeted by DEFENDANT due to his status in a protected class and engagement in protected activities, even though he had been a reliable and hardworking employee. Throughout his employment, PLAINTIFF performed the duties of his work assignments in a competent and proficient manner. He was at all times ready, willing and able to perform his tasks reliably and

1  capably.

2      32.    PLAINTIFF's employment with DEFENDANT effectively ended on or about

3  December 4, 2023. DEFENDANT terminated PLAINTIFF without good cause or prior notice.

4  PLAINTIFF alleges, on information and belief, that PLAINTIFF's status in multiple protected classes

5  were substantial factors in DEFENDANT's decision to discriminate against and terminate

6  PLAINTIFF. PLAINTIFF further alleges, on information and belief, that PLAINTIFF's engagement

7  in protected activities were substantial factors in DEFENDANT's decision to retaliate against and

8  terminate PLAINTIFF.

9      33.    PLAINTIFF alleges, on information and belief, that DEFENDANT had knowledge of

10  the harassment, discrimination and retaliation PLAINTIFF faced. PLAINTIFF alleges on information

11  and belief that DEFENDANT intentionally refused to act in response to such objections and requests

12  for corrective action.

13

14      34.    The actions and continuing course of the aforesaid conduct amounted to a systematic

15  policy of discrimination and harassment, thereby constituting a continuing violation actionable under,

16  among other things, Fair Employment and Housing Act (FEHA) which reflects a fundamental public

17  policy against discrimination in employment on account of age and disability/medical condition and

18  engaging in protected activities.

19                          **FIRST CAUSE OF ACTION**

20

21          **FAILURE TO COMPENSATE FOR ALL HOURS WORKED**
                **(Lab. Code §§ 200-204, 218, 223, 225.5, 226,**
22              **500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)**
                    **(On behalf of Plaintiffs against all Defendants)**
23

24      35.  Plaintiff incorporates in this cause of action each and every allegation of the preceding

25          paragraphs, with the same force and effect as though fully set forth herein.

26      36.  Defendants were required to compensate Plaintiff and Class Members for all hours

27  worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of

28  Regulations, Title 8, Chapter 5, Section 11070 and Labor Code sections 200-204, 225.5, 500, 510,

    558 1197, 1198.

COSTANZO LAW FIRM
111 W. St. John, Ste. 700
San Jose, CA 95113

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

37. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

38. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

39. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

40. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

41. Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

42. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

43. As alleged throughout this Complaint, Defendants failed to track their hours worked and refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

44. At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of his/her/their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California

1    employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation

2    for all hours worked, in addition to reasonable attorney's fees and costs of suit.

3         45. Labor Code section 216 provides, "In addition to any other penalty imposed by this article,

4    any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:

5    (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been

6    made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure

7    for himself, his employer or other person, any discount upon such indebtedness, or with intent to

8    annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

9         46. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

10    Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked,

11    including overtime hours worked, on behalf of Defendants, in an amount to be established at trial,

12    and are entitled to recover attorneys' fees and costs of suit.

13

14                         **SECOND CAUSE OF ACTION**

15               **FAILURE TO PAY OVERTIME WAGES**

16    **(Lab. Code §§ 200-204, 210, 216, 223, 225.5, 500, 510, 558, 1194, 1198; IWC Wage Orders)**

17       **(On behalf of Plaintiff and all Class Members against all Defendants)**

18         47. Plaintiff incorporates in this cause of action each and every allegation of the preceding

19    paragraphs, with the same force and effect as though fully set forth herein.

20         48. Labor Code section 1194 invalidates any agreement between an employer and an

21    employee to work for less than the minimum or overtime wage required under the applicable Wage

22    Orders.

23         49. Labor Code section 510 defines a day's work as 8 hours and states that any work in excess

24    of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be

25    compensated at the rate of no less than one and one-half times the regular rate of pay. Pursuant to

26    Labor Code section 1194(a), a plaintiff may bring a civil action for overtime wages to recover wages,

27    interest, penalties, attorney's fees and costs.

28

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

1    50. Plaintiff and Class Members are not exempt from receiving overtime compensation. At

2    all times relevant hereto, Defendants treated Plaintiff and other similarly situated persons as exempt

3    from the right to be paid overtime hours.

4    51. Defendants required Plaintiff and Class Members to work in excess of 8 hours per day,

5    and/or in excess of 40 hours per week. Defendants misclassified Plaintiff and Class Members as

6    exempt from California's overtime laws. Defendants did so despite the fact that Plaintiff and Class

7    Members did not meet the exemption criteria because, among other things, Plaintiff and Class

8    Members, were not employees exempt from the right to overtime because, *inter alia*, they were not

9    primarily engaged in the management of the enterprise in which they are/were employed or of a

10   customarily recognized department or subdivision thereof, were not customarily and regularly

11   directing the work of at least two other full-time employees or the equivalent, did not have authority

12   to hire other employees, did not have the authority to fire other employees, did not customarily and

13   regularly exercise discretion and independent judgment, and spent less than fifty percent of their time

14   engaged in managerial work. Furthermore, Plaintiff and Class Members were not independent

15   contractors because, *inter alia*, they did not have the freedom to choose how to perform tasks,

16   Defendants had authority to control how tasks were performed, and Defendants were not engaged in

17   a distinct business from Defendants and, instead, performed the very tasks that are the core of

18   Defendants' business.

19   52. Plaintiff and Class Members are and were expected to work in excess of 8 hours in a day

20   and/or 40 hours in a week, resulting in many hours that were unpaid or were not paid at the appropriate

21   overtime rates of pay.

22   53. As a uniform practice, Defendants failed to keep the records of hours worked by its

23   employees as required by California's wage orders. However, records of the rates of pay for Plaintiff

24   and Class Members are in the possession or within Defendants' custody and control.

25   54. Plaintiff and Class Members were entitled to receive one-and-one half times the hourly

26   wage for each hour worked past 8 hours in one day, one-and-one half times the hourly wage for each

27   hour worked past 40 hours in one week, and twice the hourly wage for each hour worked past 12

28

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

hours in one day and for all hours over 8 during his/her/their seventh consecutive day of work in one week.

55. In many instances, Plaintiff and Class Members were entitled to twice his/her/their regular rate of pay for the work performed, as Plaintiff and Class Members were often (1) working shifts that lasted more than 12 hours in length or (2) working shifts for Defendants of 8 hours or more on a seventh consecutive day of work.

56. At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200 *et seq.*, 510, 1194 and 1198 and IWC wage orders. As a consequence, Defendants are subject to all applicable penalties, the exact amount to be proven at trial.

57. Defendants violated Labor Code section 204 when they failed to pay Plaintiff and Class Members minimum wage and failed to pay all wages earned for labor in excess of the normal work period no later than the pay day for the next regular payroll period. As a consequence for violating Labor Code section 204, Defendants are subject to all applicable penalties including those specified pursuant to Labor Code section 210. The exact amount of the applicable penalties will be proven at trial.

58. Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

59. Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

60. During the last four years, and at all times relevant to this Complaint, Defendants intentionally refused to pay overtime wages to Plaintiff and Class Members in order to receive an economic benefit in violation of Labor Code section 216. As a consequence for violating Labor Code section 216, Defendants are subject to all applicable civil penalties including those specified pursuant to Labor Code section 225.5. The exact amount of the applicable penalties will be proven at trial.

61. At all times relevant to this Complaint, Defendants were and are the employers of Plaintiff and Class Members within the meaning of Labor Code section 558 and violated or caused to be violated a provision or provisions of Part 2, Chapter 1, of the Labor Code regulating hours and days of work and, as such, are liable to each Class Member for each such violation as set forth in Labor Code section 558, in addition to an amount sufficient to recover underpaid wages. The exact amount of the applicable penalties will be proven at trial.

62. Plaintiff and Class Members are entitled to interest on all due and unpaid wages pursuant to Labor Code section 218.6.

63. Pursuant to Labor Code section 1194, Plaintiff and Class Members seek to recover in a civil action the unpaid balance of the full amount of the unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
### (Lab. Code §§ 223, 1194 et seq.)
### (On behalf of Plaintiff and all Class Members against all Defendants)

64. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code section 1194 *et seq.*

66. California Labor Code section 1194(a) in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

1    overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

2

3    67. Moreover, California Labor Code section 1197 provides:

4    The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

5

6    68. Finally, California Labor Code section 1194.2(a) provides:

7    In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

8

9

10    69. Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

11

12

13

14

15    70. During the Class Period, Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

16

17

18    71. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

19

20

21

22

23    **FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(Lab. Code §§ 226.7, 512; IWC Wage Orders)**
**(On behalf of Plaintiff and all Class Members against all Defendants)**

24

25

26    72. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

27

28

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

73. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of the IWC Wage Order.

74. California Labor Code section 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> ....
>
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

75. Moreover, California Labor Code section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

76. Section 11 of the applicable Wage Order provides:

> A. No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....
>
> B. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....
>
> C. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

77. Moreover, section 12 of the applicable Wage Order provides:

> A. Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....
>
> B. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

78. Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

79. Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

80. Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

81. Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

82. Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

83. By requiring Plaintiff and Class members to attend to business and failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and sections 11 and 12 of the applicable IWC Wage Order.

84. Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

1    informed and believes and, on that basis, alleges that Defendants have never paid the one hour of

2    compensation to any worker.

3        85. Plaintiff and Class Members are not exempt from the meal and rest period requirements

4    of the aforementioned Employment Laws and Regulations.

5        86. Plaintiff and Class Members did not willfully waive, through mutual consent with

6    Defendants, any such meal and rest periods.

7        87. Defendants did not pay premium payments to Plaintiff or Class Members for missed meal

8    periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for

9    missed rest periods.

10       88. Plaintiff and Class Members have been deprived of his/her/their rightfully earned

11   compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to

12   pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant

13   to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

14       89. Plaintiff and Class Members have been deprived of his/her/their rightfully earned

15   compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to

16   pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant

17   to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

18       90. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

19   Plaintiff and Class Members have sustained damages, including lost compensation resulting from

20   missed meal and/or rest periods, in an amount to be established at trial. As a further direct and

21   proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are

22   entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well

23   as attorneys' fees and costs, and restitution, pursuant to statute.

24

25                              **FIFTH CAUSE ACTION**
26       **FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**
                              **(Lab. Code §§ 406, 2802)**
27           **(On behalf of Plaintiff and all Class Members against all Defendants)**

28

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

91. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

92. During the Class Period, Defendants required Plaintiff and Class Members to incur expenses related to the business operations of Defendants. These expenses include(d), without limitation, costs related to reimbursement examples: internet usage plan, cell phone usage plan, travel, and materials.

93. These expenditures were incurred in direct consequence of the discharge of the duties of Plaintiff and Class Members, or of his/her/their obedience to the directions of the employer and have not yet been reimbursed by Defendants.

94. At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to sections 406 and 2802(a).

95. California Labor Code section 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

96. California Labor Code section 2802(a) provides:

> An employer shall indemnify his/her/their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his/her/their duties, or of his/her/their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

97. By requiring Plaintiff and Class Members to incur uncompensated expenses in direct consequence of the discharge of their duties, Plaintiff and Class Members were forced and/or brought to contribute to the capital and expenses of Defendants' business which is legally a cash bond, and which must be refunded by Defendants to Plaintiff and each Class Member.

98. California Labor Code section 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

99. Therefore, Plaintiff and Class Members demand reimbursement for expenditures or losses in direct consequence of the discharge of his/her/their duties, or of his/her/their obedience to the directions of Defendants, plus return of all cash bonds or other coerced investments in the business of Defendants, with interest, at the statutory rate, plus attorneys' fees and costs and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES UPON TERMINATION**
**(Lab. Code §§ 201-203, 227.3)**
**(On behalf of Plaintiff and all Class Members against all Defendants)**

100.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

101.    Once an employee accrues vacation time, that time is treated as compensation and cannot be forfeited without compensation. Pursuant to California Labor Code section 227.3, accrued but unused vacation time constitutes "wages" that must be paid to the employee at the employee's regular rate of pay at the time of termination. An employer may not adopt policies that require forfeiture of vested vacation time without compensation.

102.    Defendants' Paid Time Off ("PTO") policy constituted a vacation time policy subject to Labor Code section 227.3.

103.    Plaintiff had accrued but unused vacation time upon his/her/their termination from employment with Defendants, but Defendants failed and refused to pay Plaintiff and Class Members for the value of that time upon termination. Accordingly, Defendants violated California Labor Code provisions including, but not limited to, sections 201, 202 and 227.3.

104.    Plaintiff and Class Members are entitled to recover unpaid wages for all unused vacation time and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

105.    At all relevant times herein, Defendants failed to implement a policy and practice to pay Plaintiff and Class Members accrued wages and other compensation due immediately upon

termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Plaintiff and severed Class Members were not paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

106.   Plaintiff and Class Members are not exempt from these requirements of the Employment Laws and Regulations.

107.   Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES TIMELY**
**(Lab. Code § 210)**
**(On behalf of Plaintiff and all Class Members against all Defendants)**

108. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

109. California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

110. At all relevant times herein, Defendants failed to implement a policy and practice to pay Plaintiff and Class Members accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

111. Defendant willfully failed to pay all final wages on time.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

112. Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code section 201 requires that employers provide immediate payment of all final wages at the time of termination.

113. Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those who elected to receive tender in person were present at the workplace to collect payment. Accordingly, California Labor Code section 202 has been satisfied.

114. Plaintiff and Class Members are not exempt from these requirements of the Employment Laws and Regulations.

115. Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## EIGHTH CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
#### (Lab. Code §§ 1174, 1174.5)
#### (On behalf of Plaintiff and all Class Members against all Defendants)

116. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

117. California Labor Code section 1174(d) provides:

> Every person employing labor in this state shall … [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

118. Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members. Defendants did not employ policies, procedures, and practices to track Plaintiff's and Class Members' hours.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

119. Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

120. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

121. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code sections 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## NINTH CAUSE OF ACTION
### FAILURE TO FURNISH WAGE STATEMENTS
#### (Lab. Code §§ 226(e), 226.3)
#### (On behalf of Plaintiff and all Class Members against all Defendants)

122. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

123. California Labor Code section 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his/her/their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his/her/their social security number, except that by January 1, 2008, only the last four digits of his/her/their social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

124.    California Labor Code section 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

125.    California Labor Code section 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
    (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
    (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
    (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
    (iv) The name of the employee and only the last four digits of his/her/their social security number or an employee identification number other than a social security number.

126.    California Labor Code section 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by

and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

127.   Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate. Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours their workers worked.

128.   Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

129.   Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

130.   Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## TENTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER PAGA
**(Lab. Code § 2698 et seq.)**
**(On behalf of Plaintiff and all Class Members against all Defendants)**

131.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

132.   Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency of the specific provisions of this code alleged to have been violated as required by Labor Code section 2699.3. More than thirty-three days have passed with no response. As a result, Plaintiff may now commence a civil action pursuant to Labor Code section 2699.

133.   The policies, acts and practices heretofore described violate the applicable Labor Code sections listed in Labor Code section 2699.5 and thereby give rise to statutory penalties as a result of such conduct. Plaintiffs and Class Members, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and all other aggrieved employees against whom one or more of the aforementioned violations of the Labor Code was committed and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

## ELEVENTH CAUSE OF ACTION
### UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY
### (Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; Tameny v. Atlantic Richfield Company)
### (On behalf of Plaintiff as an individual against all Defendants)

134.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

135.   Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

136.   Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code section 232. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

137.   California Labor Code sections 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee

or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint to Court, or because the employee has initiated any action, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code section 98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Lab. Code § 98.6(b)(1).

138.    "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Lab. Code § 98.6(b)(3).

139.    California Labor Code section 232.5 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions. (d) This section is not intended to permit an employee to disclose proprietary information, trade secret information, or information that is otherwise subject to a legal privilege without the consent of his or her employer."

140.    Defendant terminated Plaintiff's employment in violation of public policy. Defendant retaliated against Plaintiff because of Plaintiff's age and because he utilized disability leave.

Costanzo Law Firm
111 W. St. John, Ste. 700
San Jose, CA 95113

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

141.    Plaintiff is informed and believes and, based thereon, alleges that Defendant's conduct, as described herein, was substantially motivated by Plaintiff's age and utilizing disability leave due to being assaulted while performing his work duties.

142.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

143.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

144.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

145.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

### TWELFTH CAUSE OF ACTION
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Tameny v. Atlantic Richfield Company)**
**(On behalf of Plaintiff as an individual against all Defendants)**

146.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

147.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

148.    Defendants terminated Plaintiff's employment based upon Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

149.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

150.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

151.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

152.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

153.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## THIRTEENTH CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
### (Govt. Code § 12940(h))
### (On behalf of Plaintiff as an individual against all Defendants)

154.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

155.    Government Code section 12940(h) provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [Government Code sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]."

156.    Defendant dismantled Plaintiff's route, demoted him in pay, and eventually terminated his employment in violation of public policy. Defendants retaliated against Plaintiff because Plaintiff has a protected characteristic and engaged in a protected activity.

157.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 though 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

158.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

159.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## FOURTEENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
#### (Govt. Code § 12940(h))

**(On behalf of Plaintiff as an individual against all Defendants)**

160.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

161.    Government Code section 12940(h) provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [Government Code sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]."

162.    Defendant terminated Plaintiff's employment in violation of public policy. Defendants wrongfully terminated him because Plaintiff has a protected characteristic and engaged in a protected activity.

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

163.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 though 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

164.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

165.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for the following forms of relief, individually and on behalf of all others similarly situated:

1.  Certification of this action as a class action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and his counsel as counsel for the classes;

2.  For penalties pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

3.  For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

4.  For compensatory damages;

5.  Compensation for all hours worked but not paid;

6.  For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7.  For special damages according to proof;

8.  For punitive damages where allowed by law;

Costanzo Law Firm
111 W. St. John, Ste. 700
San Jose, CA 95113

9.  For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10. For injunctive relief;

11. For pre-judgment and post-judgment interest as provided by law; and

12. For such other and further relief as this Court deems just and proper.

Dated: December 16, 2024,

Respectfully submitted,
Costanzo Law Firm APC

_____
Frank Zeccola
***Attorneys for Plaintiffs***

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues and causes of action.

Dated: December 16, 2024,

Respectfully submitted,
Costanzo Law Firm APC

_____
Frank Zeccola
***Attorneys for Plaintiffs***

COSTANZO LAW FIRM
111 W. ST. JOHN, STE. 700
SAN JOSE, CA 95113

# EXHIBIT B

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:                    STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Lori Costanzo, SBN 142633; Frank Zeccola, SBN 308875; Luiza Dias, SBN 320629 | |

FIRM NAME: Costanzo Law Firm, APC
STREET ADDRESS: 111 W. St. John St. #700
CITY: San Jose                          STATE: CA    ZIP CODE: 95113
TELEPHONE NO.: 408-993-8493             FAX NO.: 408-993-8496
E-MAIL ADDRESS: lori@costanzo-law.com; frank.zeccola@costanzo-law.com; luiza.dias@costanzo-law.com
ATTORNEY FOR (Name): Plaintiff Manuel Cisneros

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA
STREET ADDRESS: 725 Court St.
MAILING ADDRESS: 725 Court St.
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Wakefield Taylor Courthouse

Plaintiff/Petitioner: MANUEL CISNEROS, an individual, on behalf of himself, the State of California, as a 'private attorney general, and on behalf of all others similarly situated,
Defendant/Respondent: VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a Deleware Limited Liability Company; and DOES 1 through 100, inclusive,

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: C24-03375 |
|---|---|

TO (insert name of party being served):  Eric Meckley, on behalf of Vestis Uniforms and Workplace Supplies, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:   3/10/25

_____
Zara Ashtiani
(TYPE OR PRINT NAME)                                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ X ] A copy of the summons and of the complaint.
2. [ X ] Other (specify):
   Civil Case Cover Sheet
   ADR Information Sheet
   Blank Case Management Statement
   Notice of Assignment to Department 12 for Case Management Determination

(To be completed by recipient):
Date this form is signed:  March 28, 2025

Eric Meckley on behalf of Vestis Services, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)                  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

## PROOF OF SERVICE

I, Adele Doyle, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On March 28, 2025, I served a copy of the within document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐      by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Lori Costanzo                      Attorneys for Plaintiff Manuel Cisneros
Frank Zeccola
Luiza Dias
Costanzo Law Firm, APC
111 W. St. John St. #700
San Jose, CA 95113

lori@costanzo-law.com
frank.zeccola@costanzo-law.com
luiza.dias@costanzo-law.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 28, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Adele Doyle_
Adele Doyle

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT C

Electronically Filed Superior Court of CA County of Contra Costa 12/16/2024 2:06 PM By: C. Jacala, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Lori Costanzo, S N 142633; Frank Zeccola, S N 308875; Luiza ias, S N 320629 Costanzo Law Firm, APC 111 W. St. John St. #700 San Jose, CA 95113 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 408-993-8493     FAX NO.: 408-993-8496
EMAIL ADDRESS: lori@costanzo-law.com; frank.zeccola@costanzo-law.com; luiza.dias@costanzo-law.com
ATTORNEY FOR *(Name):* Plaintiff Manuel Cisneros

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA
STREET ADDRESS: 725 Court St
MAILING ADDRESS: 725 Court St
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME: MANUEL CISNEROS, an individual, on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated, v. VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a Delaware Limited Lianility Company; and DOES 1 through 100, inclusive,

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **C24-03375** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 14
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/16/2024

Frank Zeccola
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]    [ Clear this form ]

### Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

| CASE NAME: | CASE NUMBER: |
|---|---|
| MANUEL CISNEROS VS. VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC. | C24-03375 |

### NOTICE OF ASSIGNMENT TO DEPARTMENT 12 FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 12, Judge CHARLES S TREAT PRESIDING, FOR ALL PURPOSES; DEPARTMENT 12 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.

2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 12 ON 04/14/2025 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 12 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.

3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.

4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.

5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

### Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

### SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE:      12/17/2024

BY:     C. JACALA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C24-03375 ON 12/17/2024:

FRANK JOSEPH ZECCOLA
111 W SAINT JOHN ST STE700
SAN JOSE CA 95113

Electronically Filed Superior Court of CA County of Contra Costa 12/16/2024 2:06 PM By: C. Jacala, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a
Delaware Limited Liability Company; and DOES 1 through 100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MANUEL CISNEROS, an individual, on behalf,
the State of California, as a private attorney
general, and on behalf of all others similarly
situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*  **C24-03375** |

Wakefield Taylor Courthouse
725 Court St
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Costanzo Law Firm, APC - 408.993.8493
111 W. St. John St. #700
San Jose, CA 95113

| DATE: **12/16/2024 2:06 PM**<br>*(Fecha)* | Clerk, by **/s/ C. Jacala**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

Electronically Filed Superior Court of CA County of Contra Costa 12/16/2024 2:06 PM By: C. Jacala, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL CISNEROS, an individual, on behalf, the State of California, as a private attorney general, and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Wakefield Taylor Courthouse<br>725 Court St<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>**C24-03375** |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Costanzo Law Firm, APC - 408.993.8493
111 W. St. John St. #700
San Jose, CA 95113

| DATE:<br>*(Fecha)* | 12/16/2024 2:06 PM | Clerk, by<br>*(Secretario)* | /s/ C. Jacala | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form] [Save this form]    [Clear this form]



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?  Email <u>adrweb@contracosta.courts.ca.gov</u> or call (925) 608-2075*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions.  All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: |

NAME:

FIRM NAME:

STREET ADDRESS:

CITY:                    STATE:        ZIP CODE:

TELEPHONE NO.:              FAX NO.:

EMAIL ADDRESS:

ATTORNEY FOR: *(name):*

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
   BRANCH NAME:

  PLAINTIFF/PETITIONER:

  DEFENDANT/RESPONDENT:

## CASE MANAGEMENT STATEMENT

CASE NUMBER:

*(Check one):*    ☐ **UNLIMITED CASE**          ☐ **LIMITED CASE**
            (Amount demanded              (Amount demanded is $35,000
            exceeds $35,000)              or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:              Time:        Dept.:        Div.:        Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in    ☐ complaint        ☐ cross-complaint        *(Describe, including causes of action):*

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for *(date):*

b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☐ days *(specify number):*

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:

e.  Email address:

f.  Fax number:

g.  Party represented:

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c.   In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for  *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for  *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for  *(date)*:<br>☐ Agreed to complete judicial arbitration by  *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for  *(date)*:<br>☐ Agreed to complete private arbitration by  *(date)*:<br>☐ Private arbitration completed on  *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for  *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on  *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Lori Costanzo, SBN 142633; Luiza V. Dias, SBN 320629
FIRM NAME: Costanzo Law Firm, APC
STREET ADDRESS: 111 W St John St #700
CITY: San Jose    STATE: CA    ZIP CODE: 95113
TELEPHONE NO.: 408-993-8493    FAX NO.: 408-993-8496
EMAIL ADDRESS: lori@costanzo-law.com; luiza.dias@costanzo-law.com
ATTORNEY FOR (name): Plaintiff Manuel Cisneros

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 04553
BRANCH NAME: CV - Martinez-Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Manuel CIsneros
DEFENDANT/RESPONDENT: Vestis Uniforms and Workplace Supplies, Inc.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $35,000)   [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | C24-03375 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 4/14/2025    Time: 8:30:00 AM    Dept.: 12    Div.:    Room:

Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone, by** *(name):* Luiza V. Dias

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Manuel Cisneros
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 12/16/2024
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint   [ ] cross-complaint    *(Describe, including causes of action):*
   Plaintiff's allegations include but are not limited to failure to compensate for all hours worked, failure to pay overtime wages, failure to pay minimum wages, failure to provide meal and rest periods, failure to reimburse business expenses, failure to pay final wages, failure to pay wages timely, failure to maintain accurate records, failure to furnish wage statements, civil penalties under PAGA, unlawful retaliation in violation of public policy, wrongful termination in violation of public policy, discrimination in violation of the fair employment and housing act, and wrongful termination in violation of the fair employment and housing act.

Page 1 of 5

**CM-110**

| PLAINTIFF/PETITIONER:   Manuel CIsneros | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Vestis Uniforms and Workplace Supplies, Inc. | C24-03375 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Plaintiff prays for certification of this action as a class action, penalties pursuant to all provisions of the Labor Code, costs incurred herein and attorneys' fees, compensatory damages, compensation for all hours worked but not paid, for general and special damages according to proof, punitive damages where allowed by law, for restitution of all monies due to Plaintiff, for injunctive relief, for pre-judgment and post-judgment interest as provided by law, and for such other and further relief as this Court deems just and proper.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☒  a jury trial  ☐  a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☒  days *(specify number):* 5-7

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption  ☐  by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                    f.  Fax number:

e.  Email address:                                        g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☒  has  ☐  has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Manuel CIsneros | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Vestis Uniforms and Workplace Supplies, Inc. | C24-03375 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [x] | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER:   Manuel CIsneros | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Vestis Uniforms and Workplace Supplies, Inc. | C24-03375 |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Oral Discovery | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  Manuel Clsneros | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Vestis Uniforms and Workplace Supplies, Inc. | C24-03375 |

**17. Economic litigation**

   a. ☐  This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

       The parties have not yet met and conferred as the Notice and Acknowledgment was signed and returned by Defendant's counsel early this week. Parties plan to meet and confer by the Case Management Conference.

   b. ☐  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*  1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 4/9/2025

| Luiza V. Dias | ► |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ► |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐  Additional signatures are attached.

**COSTANZO LAW FIRM, APC**
**111 W. ST. JOHN STREET #700**
**SAN JOSE, CA 95113**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE BY ELECTRONIC MAIL**
STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

I am employed in the County of Santa Clara, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 111 W. St. John Street, Suite 700, San Jose, CA 95113. On April 9, 2025, I served the within:

**PLAINTIFF MANUEL CISNEROS' CASE MANAGEMENT STATEMENT**

on the parties in said action, by the following means:

☒        (**BY EMAIL**) By transmitting a true copy thereof by electronic mail from natalie.skiera@costanzo-law.com to the interested parties to said action at the e-mail addresses shown below.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on April 9, 2025, in San Jose, California.

/s/ Natalie Skiera
Natalie Skiera

**NAME(S) AND ADDRESS(ES) OR FAX NUMBER(S) OF EACH PARTY SERVED:**

Eric Meckley
One Market, Spear Street Tower
San Francisco, CA 94105
eric.meckley@morganlewis.com
*Attorney for Defendant*
*Vestis Uniforms and Workplace Supplies, Inc.*

RA-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NUMBER: 348217<br>NAME: Lance Schimke<br>FIRM NAME: MORGAN, LEWIS & BOCKIUS LLP<br>STREET ADDRESS: One Market, Spear Street Tower<br>CITY: San Francisco       STATE: CA     ZIP CODE: 94105-1596<br>TELEPHONE NO.: (415) 442-1000       FAX NO.: (415) 442O-1001<br>EMAIL ADDRESS: lance.schimke@morganlewis.com<br>ATTORNEY FOR *(name)*: Defendant Vestis Uniforms and Workplace Supplies, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Manuel Cisneros

DEFENDANT/RESPONDENT: Vestis Uniforms and Workplace Supplies, Inc.

OTHER CASE NAME:

| | |
|---|---|
| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER:<br>C24-03375 |

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1.  The person who intends to appear remotely is *(check and complete all that apply):*
    - ☐ Plaintiff/Petitioner *(name):*
    - ☐ Attorney for Plaintiff/Petitioner *(name):*
    - ☐ Defendant/Respondent *(name):*
    - ☒ Attorney for Defendant/Respondent *(name):* Lance Schimke
    - ☐ Other *(name and role in case):*

2.  The person or persons in 1 intends to appear remotely *(check one):*
    a.  ☐ Throughout the case.
    b.  ☒ At the proceeding described below, including on any later dates if the proceeding is continued *(describe):*
        Type of proceeding: Case Management Conference
        Set on *(date):* April 14, 2025       at *(time):* 8:30 a.m.       in *(department):* 39
        Before *(name of judicial officer, if known):* Edward G. Weil

3.  The person intends to appear by *(check court's website for method that may be used):*
    - ☒ Videoconference    ☐ Audio only (including telephone)

4.  ☐ For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
RA-010 [New January 1, 2022]           **NOTICE OF REMOTE APPEARANCE**           Code of Civil Procedure, § 367.75;
Cal. Rules of Court, rule 3.672
www.courts.ca.gov

RA-010

| PLAINTIFF:  Manuel Cisneros | CASE NUMBER: |
| DEFENDANT:  Vestis Uniforms and Workplace Supplies, Inc. | C24-03375 |

5. ☒ I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date:  April 10, 2025

Lance Schimke
_____
(TYPE OR PRINT NAME)

▶            /s/ Lance Schimke
_____
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☐ Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. ☒ Attorney for: Plaintiff
   a. Name: Lori J. Costanzo, Esq.
   b. Date of notice:  April 8, 2025
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) or phone number: lori@costanzo-law.com

3. ☐ Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. ☒ Attorney for: Plaintiff
   a. Name: Frank Zeccola, Esq.
   b. Date of notice: April 8, 2025
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) phone number: frank.zeccola@costanzo-law.com

5. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. ☒ Attorney for: Plaintiff
   a. Name: Luiza Dias, Esq.
   b. Date of notice: April 8, 2025
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) phone number: luiza.dias@costanzo-law.com

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  April 10, 2025

Eveline Schmid
_____
(TYPE OR PRINT NAME)

▶            [signature]
_____
(SIGNATURE)

RA-010

## Instructions for Giving Notice of Remote Appearance
(This page does not need to be filed.)

**1. Court online procedures.** Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm*.

**2. How to use this form.** This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others.** You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**

California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

    ***For motions and proceedings in which people cannot testify***

        If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):
- At least 2 court days before the proceeding.

        If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):
- With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

    *Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

    ***For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)***

        If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:
- At least 10 court days before the trial or hearing date.

        If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):
- With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

    *Note:* If a party misses these deadlines, they may still ask thecourt for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing.** If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.** No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8. Accommodations for disability.** If a party needs an accommodation for a disability, use form MC-410, *Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9. Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

**RA-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**    STATE BAR NUMBER: 258068<br>NAME: Sarah Zenewicz<br>FIRM NAME: MORGAN, LEWIS & BOCKIUS LLP<br>STREET ADDRESS: One Market, Spear Street Tower<br>CITY: San Francisco      STATE: CA    ZIP CODE: 94105-1596<br>TELEPHONE NO.: (415) 442-1000      FAX NO.: (415) 442O-1001<br>EMAIL ADDRESS: sarah.zenewicz@morganlewis.com<br>ATTORNEY FOR *(name):* Defendant Vestis Uniforms and Workplace Supplies, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Manuel Cisneros

DEFENDANT/RESPONDENT: Vestis Uniforms and Workplace Supplies, Inc.

OTHER CASE NAME:

| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER:<br>C24-03375 |
|---|---|

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply):*
   - ☐ Plaintiff/Petitioner *(name):*
   - ☐ Attorney for Plaintiff/Petitioner *(name):*
   - ☐ Defendant/Respondent *(name):*
   - ☒ Attorney for Defendant/Respondent *(name):* Sarah Zenewicz
   - ☐ Other *(name and role in case):*

2. The person or persons in 1 intends to appear remotely *(check one):*
   a. ☐ Throughout the case.
   b. ☒ At the proceeding described below, including on any later dates if the proceeding is continued *(describe):*
   Type of proceeding: Case Management Conference
   Set on *(date):* April 14, 2025     at *(time):* 8:30 a.m.     in *(department):* 39
   Before *(name of judicial officer, if known):* Edward G. Weil

3. The person intends to appear by *(check court's website for method that may be used):*
   - ☒ Videoconference    ☐ Audio only (including telephone)

4. ☐ For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

RA-010

| PLAINTIFF: Manuel Cisneros | CASE NUMBER: |
|---|---|
| DEFENDANT: Vestis Uniforms and Workplace Supplies, Inc. | C24-03375 |

5. ☒ I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: April 10, 2025

Sarah Zenewicz
_____
(TYPE OR PRINT NAME)

▶ /s/ Sarah Zenewicz
_____
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*
- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☐ Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. ☒ Attorney for: Plaintiff
   a. Name: Lori J. Costanzo, Esq.
   b. Date of notice: April 8, 2025
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) or phone number: lori@costanzo-law.com

3. ☐ Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. ☒ Attorney for: Plaintiff
   a. Name: Frank Zeccola, Esq.
   b. Date of notice: April 8, 2025
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) phone number: frank.zeccola@costanzo-law.com

5. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. ☒ Attorney for: Plaintiff
   a. Name: Luiza Dias, Esq.
   b. Date of notice: April 8, 2025
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) phone number: luiza.dias@costanzo-law.com

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 10, 2025

Eveline Schmid
_____
(TYPE OR PRINT NAME)

▶ *Eveline Schmid*
_____
(SIGNATURE)

**NOTICE OF REMOTE APPEARANCE**

## Instructions for Giving Notice of Remote Appearance
(This page does not need to be filed.)

**1. Court online procedures.** Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm* .

**2. How to use this form.** This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others.** You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**
California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

### For motions and proceedings in which people cannot testify

If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):
- At least 2 court days before the proceeding.

If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):
- With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

### For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)

If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:
- At least 10 court days before the trial or hearing date.

If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):
- With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing.** If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.** No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8. Accommodations for disability.** If a party needs an accommodation for a disability, use form MC-410, *Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9. Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

1     MORGAN, LEWIS & BOCKIUS LLP
     Eric Meckley, Bar No. 168181
2     Sarah Zenewicz, Bar No. 258068
     Lance Schimke, Bar No. 348217
3     One Market, Spear Street Tower
     San Francisco, CA  94105-1596
4     Tel:    +1.415.442.1000
     Fax:    +1.415.442.1001
5     eric.meckley@morganlewis.com
     sarah.zenewicz@morganlewis.com
6     lance.schimke@morganlewis.com

7     Attorneys for Defendant
     VESTIS UNIFORMS AND
8     WORKPLACE SUPPLIES, INC.

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                FOR THE COUNTY OF CONTRA COSTA

12

| | |
|---|---|
| 13   MANUEL CISNEROS, an individual, on behalf of himself, the State of California, as a 14   private attorney general, and on behalf of all others similarly situated, 15 | Case No. C24-03375 **DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| 16                           Plaintiffs, | Judge:     Charles S. Treat |
| 17                  vs. | Hearing Date:  April 14, 2025 Department:    12 |
| 18   VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC., a Delaware Limited Liability 19   Company; and DOES 1 through 100, inclusive, | Time:        8:30 a.m. Complaint Filed: December 14, 2024 |
| 20                     Defendants. | Trial Date: None Set |

21

22

23

24

25

26

27

28

DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT

1      Defendant Vestis Uniforms and Workplace Supplies, Inc., ("Defendant") respectfully

2  submit the following Joint Case Management Conference Statement in advance of the March 17,

3  2025, Case Management Conference.:

4      **A.  Factual Background**

5      Defendant is a leader in the business-to-business uniform and workplace supplies category,

6  providing uniform services and workplace supplies to a broad range of customers.  Plaintiff Manuel

7  Cisneros is a former employee of Defendant.

8      On December 16, 2024, Plaintiff filed his class action complaint ("Complaint") in Contra

9  Costa County Superior Court.  On behalf of an undefined class of similarly situated employees, he

10 alleges the following causes of action: (1) failure to compensate for all hours worked; (2) failure to

11 pay overtime wages; (3) failure to pay minimum wages; (4) failure to provide meal and rest periods;

12 (5) failure to reimburse business expenses; (6) failure to pay final wages; (7) failure to pay wages

13 timely; (8) failure to maintain accurate records; (9) failure to furnish wage statements; (10) civil

14 penalties under the Private Attorneys' General Act (PAGA).  Plaintiff also alleges the following

15 causes of action on an individual basis:  (11) unlawful retaliation in violation of public policy;

16 (12) wrongful termination in violation of public policy; (13) discrimination in violation of the Fair

17 Employment and Housing Act (FEHA); and (14) wrongful termination in violation of the FEHA.

18     Defendant denies all allegations in the Complaint and denies that this case is amenable to

19 class or representative action treatment.

20     **B.  Status of Service**

21     On March 28, 2025, Defendant accepted service via Notice of Acknowledgement.

22 Defendant's deadline to file a responsive pleading is April 28, 2025.

23     **C.  Meet and Confer**

24     Defendant attempted to meet and confer with Plaintiff in advance of this Case Management

25 Conference, but Plaintiff's counsel did not respond.

26 / / /

27 / / /

28 / / /

1

**D. Other Matters**

2       Defendant intends to remove this action to federal court.  Accordingly, Defendant requests

3   that this case management conference be continued by at least 60 days, to June 13, 2025, or as soon

4   thereafter as the Court is available, to allow Defendant time to remove this case to the proper forum.

5   Dated: April 9, 2025                           MORGAN, LEWIS & BOCKIUS LLP

6

7

8                                                  By

9                                                     Eric Meckley
                                                       Sarah Zenewicz
10                                                    Lance Schimke

11                                                  Attorneys for Defendant
                                                       VESTIS UNIFORMS AND
12                                                    WORKPLACE SUPPLIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2      I am a citizen of the United States and employed in San Francisco County, California.
I am over the age of eighteen years and not a party to the within-entitled action.  My business
3  address is One Market, Spear Street Tower, San Francisco, CA  94105-1596.

4      On April 9, 2025, I served a copy of the within document:

5      **DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**

6  by transmitting via electronic mail the document(s) listed above to each of the person(s) set forth
below.

7
        Lori J. Costanzo, Esq.              *Attorneys for Plaintiffs*
8       Lori@costanzo-law.com              *MANUEL CISNEROS, et al.*
        Frank Zeccola, Esq.
9       Frank.zeccola@costanzo-law.com
        Luiza V. Dias, Esq.
10      Luiza.dias@costanzo-law.com
        COSTANZO LAW FIRM
11      111 West St. John, #700
        San Jose, CA  95113
12
        Executed on April 9, 2025, at San Francisco, California. I declare under penalty of perjury
13  under the laws of the State of California that the above is true and correct.

14                                          *Monica Brennan*

15                                          _____

16                                              Monica Brennan

17

18

19

20

21

22

23

24

25

26

27

28