UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CISNEROS,<br><br>Plaintiff,<br><br>v.<br><br>VESTIS UNIFORMS AND WORKPLACE SUPPLIES, INC.,<br><br>Defendant. | Case No. 25-cv-03695-HSG<br><br>**ORDER DENYING MOTION TO DISMISS OR TO STAY**<br><br>Re: Dkt. No. 18 |

Pending before the Court is Defendant Vestis Uniforms and Workplace Supplies, Inc.'s motion to dismiss or, in the alternative, to stay the action pursuant to the first-to-file rule. *See* Dkt. No. 18 ("Mot."); Dkt. No. 26 ("Reply"). Plaintiff Manuel Cisneros opposes the motion. *See* Dkt. No. 22 ("Opp."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court DENIES the motion.

## I.     BACKGROUND

Plaintiff Manuel Cisneros brings this proposed class action against his former employer, Vestis Uniforms and Workplace Supplies, Inc. (hereinafter, "Defendant"), for alleged violations of California's Labor Code and the Fair Employment and Housing Act ("FEHA"), and for penalties under the Private Attorneys General Act ("PAGA"). *See* Dkt. No. 1 (Notice of Removal); Dkt. No. 1, Ex. A ("Compl."). Defendant is in the hospitality services industry and provides services relating to food, facilities management, and hospitality management. Compl. ¶ 4. Plaintiff allegedly worked for Defendant as an hourly, non-exempt utility driver from April 27, 2015, to December 4, 2023. *Id.* ¶¶ 3, 13. Plaintiff alleges that Defendant failed to: pay him wages for all hours worked; provide him with adequate pay and sick leave; reimburse expenses he incurred

United States District Court
Northern District of California

when discharging job duties; provide him legally mandated rest breaks; pay him timely wages; and maintain accurate records and wage statements. *Id.* ¶ 29. Plaintiff further alleges that Defendant harassed him, discriminated against him, and terminated his employment because of his age and because he took disability leave after he was injured in a work-related accident. *Id.* ¶¶ 25-34.

Plaintiff asserts claims on his own behalf and on behalf of a proposed class of similarly situated employees of Vestis Uniforms and Workplace Supplies, Inc. in California[1] for: (1) failure to pay wages for all hours worked in violation of California Labor Code sections 200-04, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, and 1198; (2) failure to pay overtime wages in violation of California Labor Code sections 200-04, 210, 216, 223, 225.5, 500, 510, 558, 1194, and 1198; (3) failure to pay minimum wages in violation of California Labor Code sections 223 and 1194; (4) failure to provide meal and rest periods in violation of California Labor Code sections 226.7 and 612; (5) failure to reimburse business expenses in violation of California Labor Code sections 406 and 2802; (6) failure to pay wages upon termination in violation of California Labor Code sections 201-03 and 227.3; (7) failure to pay timely wages in violation of California Labor Code section 210; (8) failure to maintain accurate records in violation of California Labor Code sections 1174 and 1174.5; (9) failure to furnish wage statements in violation of California Labor Code sections 226(e) and 226.3; and (10) civil penalties under PAGA. *See id.* ¶¶ 35-133. Additionally, Plaintiff asserts claims on his own behalf for: (1) unlawful retaliation in violation of public policy and California Labor Code sections 98.6, 230, 232, 232.5, and 1102.5; (2) wrongful termination in violation of public policy; (3) discrimination in violation of FEHA; and (4) wrongful termination in violation of FEHA. *See id.* ¶¶ 134-65.

Plaintiff filed this action in Contra Costa Superior Court on December 16, 2024. *See* Dkt. No. 1. Defendant removed it to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 on April 28, 2025. *See id.*

---

[1] The complaint does not contain a more detailed definition of the proposed class Plaintiff seeks to represent. *See generally* Compl.

United States District Court
Northern District of California

At the time that Plaintiff filed this action, the following wage-and-hour proposed class actions were pending[2]:

    (1) *Deluna v. Aramark Uniform & Career Apparel, LLC*, San Benito Superior Court Case Number CU-19-00059 ("*Deluna*"). This action was filed on April 3, 2019, in San Benito Superior Court. The plaintiff, Raul Deluna, asserts claims for violations of California's Labor Code and Unfair Competition Law ("UCL") against Aramark Uniform & Career Apparel, LLC. *See* Dkt. No. 19, Ex. A. The claims arise out of Aramark Uniform & Career Apparel, LLC's alleged (1) failure to pay minimum wages; (2) failure to provide paid rest breaks; and (3) failure to provide accurate wage statements. The plaintiff asserts those claims on his own behalf and on behalf of people who worked for Aramark Uniform & Career Apparel, LLC, in California and were paid on a commission basis at any time from April 3, 2015, to the present.

    (2) *Fernandez v. Aramark Uniform & Career Apparel, LLC*, Central District of California Case Number 2:23-cv-07711-CAS-PD ("*Fernandez*"). This action was filed on July 12, 2023, in Los Angeles Superior Court. It was removed to the Central District of California on September 15, 2023. The plaintiff, Antoinette Fernandez, initially asserted claims for violations of California's Labor Code against Aramark Uniform & Career Apparel, LLC, on her own behalf and on behalf of current and former hourly and non-exempt employees of Aramark Uniform & Career Apparel, LLC, in California. *See* Dkt. No. 19, Ex. B, C.

---

[2] Defendant requests judicial notice of (1) the complaint filed in *Deluna*, *see* Dkt. No. 19, Ex. A; (2) the complaint and first amended complaint filed in *Fernandez*, *see* Dkt. No. 19, Ex. B, C; (3) the complaint and second amended complaint filed in *Brown*, *see* Dkt. No. 19, Ex. D, E; and (4) an order issued in *Fernandez* on February 10, 2025, *see* Dkt. No. 19, Ex. F. Because these filings are relevant to the determination of the present motion and they are undisputed matters of public record, the Court may take judicial notice of them. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted). Accordingly, the Court GRANTS Defendant's request for judicial notice with respect to these filings for the purpose of assessing the claims asserted in those cases.

(3) *Brown v. Western First Aid & Safety, et al.*, Central District of California Case Number 2:24-cv-06238-CAS-PD ("*Brown*").  This action was filed on June 20, 2024, in Los Angeles Superior Court.  It was removed to the Central District of California on July 24, 2024.  The plaintiff, Samantha Shaunee Brown, initially asserted claims for violations of California's Labor Code against Western First Aid & Safety, Vestis Group, Inc., Vestis Corporation, and Katie Hall on her own behalf and on behalf of hourly and non-exempt current and former employees of those defendants in California.  *See* Dkt. No. 19, Ex. D, E.

On February 10, 2025, *Fernandez* was consolidated with *Brown* for pre-trial purposes.  *See* Dkt. No. 19, Ex. F.

On February 20, 2026, after briefing on the present motion had been completed, the court in *Fernandez* and *Brown* vacated all case deadlines relating to class certification because the parties in both actions reached a global settlement agreement that will resolve all claims in both cases if it is ultimately approved under Rule 23.[3]  *See Fernandez*, Dkt. Nos. 48, 49; *Brown*, Dkt. No. 59.[4]  In accordance with the terms of the global settlement agreement, the court permitted the named plaintiffs to jointly file an amended complaint.  *See id.*

On February 20, 2026, the named plaintiffs in *Fernandez* and *Brown* jointly filed an amended consolidated complaint in which they assert claims for violations of California's Labor Code and UCL, as well as a claim for penalties under PAGA, against Aramark Uniform & Career Apparel, LLC, which is "now known as Vestis Services, LLC."  *See Fernandez*, Dkt. No. 50.[5]  The claims arise out of Aramark Uniform & Career Apparel, LLC's alleged failure to: (1) pay minimum wages; (2) pay overtime wages; (3) provide meal periods; (4) authorize rest periods; (5) indemnify business expenses; (6) pay wages of discharged employees; (7) provide accurate wage

[3] A motion for preliminary approval under Rule 23 of the global settlement agreement has not yet been filed.

[4] The Court can and does take judicial notice of recent filings in *Fernandez* and *Brown* because they are undisputed matters of public record.  *See Harris*, 682 F.3d at 1132.

[5] The amended consolidated complaint was filed on the *Fernandez* docket but not the *Brown* docket.

United States District Court
Northern District of California

United States District Court
Northern District of California

records; and (8) provide sick leave. *See id.* The claims are asserted on behalf of a proposed class of current and former non-exempt employees of Aramark Uniform & Career Apparel, LLC (now known as Vestis Services, LLC) in California who were assigned to work at the Riverside Market Center or the Western First Aid & Safety division since July 12, 2020. *See id.* ¶¶ 2, 9, 23.

The table below summarizes the basic aspects of *Deluna*, *Fernandez*, and *Brown*, as well as this action, based on the operative pleadings in each case.

| Case | Plaintiffs | Defendants[6] | Proposed Class |
|---|---|---|---|
| *Deluna* | Raul Deluna | Aramark Uniform & Career Apparel, LLC | All current and former employees who worked for Aramark Uniform & Career Apparel, LLC, in California and were paid on a commission basis at any time from April 3, 2015, to the present |
| *Fernandez/ Brown*[7] | Antoinette Fernandez<br><br>Samantha Shaunee Brown | Aramark Uniform & Career Apparel, LLC, "now known as Vestis Services, LLC" | All current and former non-exempt employees of Aramark Uniform & Career Apparel, LLC (now known as Vestis Services, LLC) in California who were assigned to work at the Riverside Market Center or the Western First Aid & Safety division since July 12, 2020 |
| This action | Manuel Cisneros | Vestis Uniforms and Workplace Supplies, Inc. | Similarly situated employees of Vestis Uniforms and Workplace Supplies, Inc. in California |

## II.    LEGAL STANDARD

The first-to-file rule is a doctrine of federal comity that permits a district court to decline jurisdiction over an action "if a similar case with substantially similar issues and parties was previously filed in another district court." *See Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Under the rule, a district court may, in its discretion, "transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med.*

---

[6] Doe defendants are omitted.

[7] As discussed above, these actions have been consolidated.

*Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In determining whether to apply the rule, courts must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *See id.* The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys.*, 678 F.2d at 95.

## III. DISCUSSION

Defendant Vestis Uniforms and Workplace Supplies, Inc. moves to dismiss or to stay this action under the first-to-file rule on the grounds that *Deluna*, *Fernandez*, and *Brown* assert similar claims for violations of California's Labor Code "against the same Defendant[,]" namely non-party Vestis Services, LLC, "on behalf of overlapping classes of [Vestis Services, LLC's] employees." *See* Mot. at ii. Defendant contends that non-party Vestis Services, LLC, was Plaintiff's actual employer and should be treated as the defendant in this action. *See id.* at 1. Defendant further argues that because this action is "duplicative" of *Deluna*, *Fernandez*, and *Brown*, allowing it to proceed would risk inconsistent results and waste judicial resources. *See id.*

Plaintiff opposes the motion, arguing that the requirements for dismissing or staying under the first-to-file rule are not met because, among other reasons, this action does not involve substantially similar parties as the earlier-filed actions given that "[t]his action involves a different defendant than the prior cases[.]" *See* Opp. at 2. Plaintiff further contends that Defendant has not proffered evidence to show that the entities named as defendants in the earlier-filed actions are not "legally distinct" from it. *See id.* at 3-4.

Before turning to the merits of the present motion, the Court addresses a threshold matter. The first-to-file rule allows a district court to dismiss, stay, or transfer an action only where the first-filed action is pending in "another district court." *See Kohn*, 787 F.3d at 1239 (holding that the first-to-file rule can be applied where "a similar case with substantially similar issues and parties was previously filed in *another district court*") (emphasis added); *see also Pacesetter Sys.*, 678 F.2d at 94-95 (noting that the first-to-file rule is a "recognized doctrine of *federal comity* which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in *another district*") (emphasis added). The first-to-

6

file rule, therefore, does not apply where the first-filed action is pending in state court. *See Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 871 (E.D. Cal. 2022) (denying motion to stay under the first-to-file rule in light of an earlier-filed case pending in state court because the rule does not apply in that circumstance). This interpretation of the first-to-file rule is consistent with Defendant's own characterization of the doctrine in its opening brief. *See* Mot. at 4 ("This well-established rule allows a district court to dismiss, or stay an action when a similar complaint is *pending in federal court*.") (emphasis added). Accordingly, the Court considers whether the relevant factors support dismissing or staying this action under the first-to-file rule in light of *Fernandez/Brown*, which are pending in the Central District of California, but not *Deluna*, which is pending in San Benito Superior Court.

### A.    Chronology

The chronology factor requires that the action that is the subject of a motion to dismiss or to stay under the first-to-file rule "was filed later in time." *See Selection Mgmt. v. Torus Specialty Ins. Co.*, No. 4:15-cv-05445-YGR, 2016 WL 304781, at *1 (N.D. Cal. Jan. 26, 2016).

Here, it is undisputed that this action was filed after *Fernandez* and *Brown*. Accordingly, this factor favors applying the first-to-file rule.

### B.    Similarity of the Parties

The first-to-file rule "does not require exact identity of the parties"; it "requires only substantial similarity of the parties." *Kohn,* 787 F.3d at 1240 (citations omitted). "In a class action, the relevant comparator is the similarity of the proposed classes rather than the class representatives themselves." *Singh v. FCA US LLC*, No. 23-CV-00452-HSG, 2023 WL 7093700, at *2 (N.D. Cal. Oct. 26, 2023) (citations omitted). "District courts within the Ninth Circuit have found that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Bellone v. First Transit, Inc.*, No. 21-CV-09617-HSG, 2022 WL 4292964, at *3 (N.D. Cal. Sept. 16, 2022) (citation and internal quotation marks omitted).

Here, there is no overlap between the parties in this case and those in *Fernandez/Brown*. Defendant (i.e., Vestis Uniforms and Workplace Supplies, Inc.) is not a party in

7

*Fernandez*/*Brown*: the defendant there is Aramark Uniform & Career Apparel, LLC, which is "now known as Vestis Services, LLC[.]" *See Fernandez*, Dkt. No. 50.  Further, the members of the proposed class that Plaintiff seeks to represent here are not members of the proposed class in *Fernandez*/*Brown*.  Plaintiff seeks to represent similarly situated employees of Vestis Uniforms and Workplace Supplies, Inc., in California.  *See* Compl. at 1 & ¶ 1.  By contrast, the proposed class in *Fernandez*/*Brown* is comprised of current and former non-exempt employees of Aramark Uniform & Career Apparel, LLC (now known as Vestis Services, LLC) in California who were assigned to work at the Riverside Market Center or the Western First Aid & Safety division since July 12, 2020.  *See Fernandez*, Dkt. No. 50 ¶ 2.  Therefore, the parties in this case are not substantially similar to those in *Fernandez*/*Brown*.

Defendant contends that this action and *Fernandez*/*Brown* allege "the same or similar Labor Code violations against the same defendant," namely Vestis Services, LLC.  *See* Mot. at 1; *see also* Reply at 1 (arguing that "the same entity is the operative defendant in each case").  Defendant argues that the Court can find that Vestis Services, LLC, is the operative defendant in this action because that entity was "Plaintiff's actual employer[.]"  *See* Reply at 3 (arguing that "Plaintiff mistakenly named Vestis Uniforms and Workplace Supplies, Inc. as the defendant in this lawsuit instead of Plaintiff's actual employer, Vestis Services, LLC, and the actual employer of the putative classes in *Deluna*, *Fernandez* and *Brown*").

Defendant's argument is unavailing.  Plaintiff disputes that his employer was Vestis Services, LLC.  Consistent with his allegations, *see* Compl. ¶¶ 1, 3, Plaintiff contends that his employer was Vestis Uniforms and Workplace Supplies, Inc. and that this action, therefore, "involves a different defendant than the prior cases," *see* Opp. at 1-2.  Defendant has not cited any authority holding that, for the purpose of resolving a motion under the first-to-file rule, the Court can (1) disregard Plaintiff's allegations that his employer was Vestis Uniforms Workplace Supplies, Inc., and (2) treat non-party Vestis Services, LLC, as the operative defendant based on Defendant's assertion that Vestis Services, LLC, was Plaintiff's actual employer.  Courts in this circuit have held that, when deciding a motion under the first-to-file rule, a court "must only consider the pleadings and the cases as they currently exist."  *See Hoyt v. Amazon.com, Inc.*, No.

8

19-CV-00218-JSC, 2019 WL 1411222, at *7 n.5 (N.D. Cal. Mar. 28, 2019) (citation and internal quotation marks omitted); *Wilkie v. Gentiva Health Servs., Inc.*, No. CIV. 10-1451 FCD/GGH, 2010 WL 3703060, at *5 (E.D. Cal. Sept. 16, 2010) (same). Based on these authorities, which the Court finds persuasive, the Court cannot consider Defendant's assertion that Vestis Services, LLC, was Plaintiff's actual employer for the purpose of contradicting the allegations in the complaint.[8] Because Vestis Uniforms and Workplace Supplies, Inc. is the only entity that is identified as Plaintiff's former employer and named as a defendant in the complaint as it currently exists, *see* Compl. ¶¶ 1-3, the Court treats that entity as the only defendant in this action for the purpose of resolving this motion.

Defendant also argues that "the putative class members Plaintiff seeks to represent here are already putative class members in" *Fernandez/Brown*. *See* Mot. at 1. This argument fails because it presupposes that the same entity, Vestis Services, LLC, was the employer of the proposed class members in this action and of those in *Fernandez/Brown*. For the reasons discussed above, the alleged employer of the proposed class members in this case is not the same as the alleged employer of the proposed class members in *Fernandez/Brown*.

The cases that Defendant relies upon for the proposition that the similarity-of-the-parties requirement is satisfied are non-binding and distinguishable. There, unlike here, the actions at issue had at least one defendant and some proposed class members in common. *See, e.g., Negrete*

---

[8] Defendant requests judicial notice of three certificates of amendment filed with the California Secretary of State for the purpose of showing that Vestis Services, LLC "was formally known as Aramark Uniform & Career Apparel, LLC" and that Defendant Vestis Uniforms and Workplace Supplies, Inc. was formerly known as Aramark Uniform & Career Apparel Group, Inc. and Vestis Group, Inc. *See* Mot. at 1 & n.1 (referring to Dkt. No. 19, Ex. G, H, I). Because the certificates are public records, and no party disputes their authenticity, the Court GRANTS Defendant's request for judicial notice of the fact that such certificates were filed with the California Secretary of State on the dates stated on the certificates. However, to the extent that Defendant points to the contents of these certificates as support for its assertion that Vestis Services, LLC, was Plaintiff's actual employer, the Court declines to consider them for that purpose because the Court must consider only the pleadings as they currently exist when resolving a motion under the first-to-file rule, as discussed above. Further, it would be improper for the Court to consider the statements in the certificates as support for Defendant's assertion that Vestis Services, LLC, was Plaintiff's actual employer because Plaintiff's allegations contradict that assertion, as noted above. *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998-1001 (9th Cir. 2018) (holding that it is improper for a court to judicially notice statements in a public record if there is a reasonable dispute about what the statements establish in light of the allegations in the complaint).

*v. Petsmart, Inc.*, No. 2:13-CV-01218-MCE-AC, 2013 WL 4853995, at *3 (E.D. Cal. Sept. 10, 2013) (holding that the parties were substantially similar because both cases named PetSmart as a defendant and the proposed classes in both cases included current and former employees of PetSmart); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) (holding that the parties were substantially similar because "plaintiffs in both actions intend to represent at least a nationwide class that purchased Dole Salad Kits containing synthetic products from January 1, 2009 to the present" and both actions named Dole as "the sole defendant"); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (holding that the parties were substantially similar because "the named defendants in the *Sabol* and *Adoma* actions are identical" and "the proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals").

Accordingly, this factor weighs against dismissing or staying this action under the first-to-file rule. That said, because the identity of Plaintiff's employer is presumably subject to ready, prompt, and conclusive verification, an early motion for summary adjudication on that issue may well be appropriate. If it turns out that the facts support Defendant's claim that Plaintiff was employed by the same entity that has been sued in *Fernandez/Brown*, that would likely change the first-to-file analysis.

### C.     Similarity of the Issues

For the first-to-file rule to apply, the issues in the first-filed case and the second case "need not be identical, only substantially similar." *Kohn,* 787 F.3d at 1240 (citations omitted). "To determine whether two suits involve substantially similar issues, [courts] look at whether there is substantial overlap between the two suits." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff alleges that the employment practices of Defendant Vestis Uniforms and Workplace Supplies, Inc. violate various provisions of California's Labor Code and FEHA. By contrast, the plaintiffs in *Fernandez/Brown* allege that the employment practices of Aramark Uniform & Career Apparel, LLC (now known as Vestis Services, LLC) violate various provisions of California's Labor Code and the UCL. Because the employment practices of Defendant Vestis Uniforms and Workplace Supplies, Inc. are not at issue in *Fernandez/Brown*, and the employment

United States District Court
Northern District of California

10

United States District Court
Northern District of California

practices of Aramark Uniform & Career Apparel, LLC (now known as Vestis Services, LLC) are not at issue in this case, the issues that will be litigated in *Fernandez*/*Brown* are not "substantially similar" to those that will be litigated here. *Cf. Hoyt v. Amazon.com, Inc.*, No. 19-CV-00218-JSC, 2019 WL 1411222, at *6 (N.D. Cal. Mar. 28, 2019) (holding that the "issues in both cases are substantially similar because each and every claim is premised on a finding that Amazon [i.e., the same defendant] improperly classified the Flex drivers as independent contractors rather than employees"). Given that there is no overlap in terms of the issues to be litigated, at least on the face of the complaints, there is no risk of inefficiencies or conflicting determinations if this action is not dismissed or stayed under the first-to-file rule. *Cf. Pacesetter*, 678 F.2d at 96 (affirming dismissal of action under the first-to-file rule because both actions involved "identical" claims and issues and because "permitting multiple litigation of . . . identical claims could serve no purpose of judicial administration").

The cases that Defendant relies upon do not compel a different conclusion. In those cases, the similarity-of-the-issues requirement was satisfied because the cases at issue asserted the same claims against the same defendant. *See Bellone*, 2022 WL 4292964, at *4 (holding that the issues were substantially similar because both cases asserted claims for violations of California's labor laws against the same defendant); *Scott v. Golden State FC, LLC*, No. 21-CV-02147-HSG, 2021 WL 2987264, at *3 (N.D. Cal. July 15, 2021) (same). The same is not true here.

Accordingly, this factor weighs against dismissing or staying this action under the first-to-file rule.

//

11

United States District Court
Northern District of California

## IV.    CONCLUSION

Because the parties and issues in this case are not substantially similar to those in *Fernandez/Brown*, dismissing or staying this action under the first-to-file rule is not necessary to prevent inefficiencies, avoid conflicting determinations, or conserve judicial resources.

Accordingly, the Court DENIES Defendant's motion to dismiss or to stay under the first-to-file rule.

This order terminates docket number 18.

The Court SETS a case management conference on March 17, 2026, at 2:00 p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities.  The Court DIRECTS the parties to submit a joint case management statement by March 10, 2026.  The parties should be prepared to discuss how to move this case forward expeditiously.

**IT IS SO ORDERED.**

Dated:  March 3, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge